| UNITED STATES DISTRICT COURT | SOUTHERN DISTRICT OF TEXAS HOUSTON DIVISION |
|---|---|

VINCENT BRIGHT,

  *Plaintiff(s)*,

v.

AXION LOGISTICS, LLC,

  *Defendant(s)*.

§§§§§§§§§§§§

No. _____

Jury

## PLAINTIFFS' ORIGINAL COMPLAINT

Plaintiff Vincent Bright (referred to as "Bright") brings this action against Defendant Axion Logistics, LLC (referred to as "Axion") under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-2000e-17, ("Title VII") and Texas Labor Code, §§ 21.051 and 21.055 ("Tex. Labor Code") to recover back pay, front pay, compensatory damages, exemplary damages, attorney's fees, plus interest and costs.

### I. Nature of Suit

1. Bright's claims arise under Title VII and Texas Labor Code.

2. Title VII was enacted to improve the economic and social conditions of minorities and women and to prohibit discrimination in employment on grounds of race, color, religion, sex, and national origin. *See*, 29 C.F.R. § 1608.1(b).

3. Bright violated Title VII and Texas Labor Code by discriminating against him on the basis of race (African American) and by retaliating against him for opposing unlawful employment practices and/or for making charges, testifying, assisting and/or participating in an investigation, proceeding, or hearing under Title VII and Texas Labor Code.

## II. Jurisdiction & Venue

4. This action arises under a federal statute, Title VII. 28 U.S.C. § 1331 (federal-question jurisdiction).

5. This Court has supplemental subject matter jurisdiction over the §§ 21.051 and 21.055, because the state law claims arise from a common nucleus of operative facts with the federal claims and are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution. 28 U.S.C. §1367

6. Venue is proper in this district and division because Bright resides in this district and division. 28 U.S.C. § 1391(b)(1).

## III. Parties

7. Bright is an individual who resides in Harris County, Texas and who was employed by Axion.

8.     Axion is a Texas limited liability corporation that may be served with process by serving its registered agent:

Ewing & Jones, PLLC
6363 Woodway, Suite 1000
Houston, Texas 77057

Alternatively, if the registered agent of Axion cannot with reasonable diligence be found at the company's registered office, Axion may be served with process by serving the Texas Secretary of State. *See*, Tex. Bus. Org. Code §§ 5.251-5.254; *see also*, Tex. Civ. Prac. & Rem. Code § 17.026.

9.     An allegation that Axion committed any act or omission should be construed to mean the company's officers, directors, vice-principals, agents, servants or employees committed such act or omission and that, at the time such act or omission was committed, it was done with the full authorization, ratification or approval of Axion or was done in the normal course and scope of employment of Axion's officers, directors, vice-principals, agents, servants or employees.

### IV. Facts

10.     Axion is third party logistics company for the petrochemical industry that is engaged in an industry affecting commerce.

11. For each working day during each of twenty or more calendar weeks during each calendar year that Axion employed Bright (or in the calendar year preceding their employment), Bright had fifteen or more employees.

12. During each of twenty or more calendar weeks during each calendar year that Axion employed Bright (or in the calendar year preceding their employment), the company had more than 500 employees.

13. Axion does business in the territorial jurisdiction of this Court.

14. Axion employed Bright from November of 2019 to June of 2021.

15. Axion employed Bright as a material handler and delivery driver.

16. Bright is African American.

17. During his employment with Bright was dependable and always met (and usually exceeded) expectations.

18. However, during his employment with the company, Bright was subjected to a constant barrage of racial slurs, including N*****, from his non-African American supervisors and co-workers.

19. Additionally, Bright's co-workers in the same position(s) as he were given preferential treatment over Bright.

20. Bright complained to Axion about his discriminatory treatment, including the hostile work environment.

21. After Bright complained, Axion retaliated against him by making the work situation even worse than it already was.

22. Ultimately Axion discharged Bright for engaging in protected activity (specifically, complaining about unlawful discrimination in the workplace).

23. As a result of Axion's unlawful conduct, Bright has suffered and will continue to suffer damages in the form of back pay, front pay, lost fringe benefits, compensatory damages for future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

## V. Count One—
## Race Discrimination in Violation of Title VII
## (Bright)

24. Bright adopts by reference all of the facts set forth above. *See*, Fed. R. Civ. P. 10(c).

25. An employer commits an unlawful employment practice if it "fail[s] or refuse[s] to hire or discharge[s] any individual, or otherwise … discriminate[s] against any individual with respect to his [or her] compensation, terms, conditions, or privileges of employment, because of such individual's … race[.]" 42 U.S.C. § 2000e-2(a)(1).

26. Axion, through its employees, including supervisors, subjected Bright to racial slurs and gave preferential treatment to his non-African American co-workers.

27. As a result of Axion's unlawful conduct, Bright has suffered and will continue to suffer damages in the form of back pay, front pay, lost fringe benefits, compensatory damages for future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

### VI. Count Two— Retaliation in Violation of Title VII
### (Bright)

28. Bright adopts by reference all of the facts set forth above. *See*, Fed. R. Civ. P. 10(c).

29. An employer commits an unlawful employment practice if it "discriminate[s] against any of his employees or applicants for employment … because he [or she] has opposed any practice made an unlawful employment practice by [Title VII], or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under [Title VII]." 42 U.S.C. § 2000e-3(a).

30. Axion doubled down on its discriminatory treatment of Bright (by, for example, terminating him immediately following his last complaint of discrimination and hostile work environment, citing that Bright was unhappy with his job) because he complained about the discriminatory treatment.

31. As a result of Bright's unlawful conduct, Bright has suffered and will continue to suffer damages in the form of back pay, front pay, lost fringe benefits,

compensatory damages for future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

### VII. Count Three —Racial Discrimination in Violation of Tex. Labor Code § 21.051
### (Bright)

32. Bright adopts by reference all of the facts set forth above. *See*, Fed. R. Civ. P. 10(c).

33. "An employer commits an unlawful employment practice if because of race[] … the employer[] … discharges an individual, or discriminates in any other manner against an individual in connection with compensation or the terms, conditions, or privileges of employment[.]" Tex. Labor Code § 21.051(1).

34. Axion, through its employees, including supervisors, subjected Bright to racial slurs and gave preferential treatment to his non-African American co-workers.

35. As a result of Axion's unlawful conduct, Bright has suffered and will continue to suffer damages in the form of back pay, front pay, lost fringe benefits, compensatory damages for future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

## VIII. Count Four—Retaliation in Violation of
## Tex. Labor Code § 21.055
## (Bright)

36. Bright adopts by reference all of the facts set forth above. *See*, Fed. R. Civ. P. 10(c).

37. "An employer commits an unlawful employment practice if the employer[] … retaliates or discriminates against a person who[] … (1) makes or opposes a discriminatory practice; (2) makes or files a charge; (3) files a complaint; or (4) testifies, assists, participates in any manner in an investigation, proceeding, or hearing." Tex. Labor Code § 21.055.

38. Axion, through its employees, including supervisors, subjected Bright to racial slurs and gave preferential treatment to his non-African American co-workers.

39. Axion doubled down on its discriminatory treatment of Bright (by, for example, terminating him immediately following his last complaint of discrimination and hostile work environment, citing that Bright was unhappy with his job) because he complained about the discriminatory treatment.

40. As a result of Axion's unlawful conduct, Bright has suffered and will continue to suffer damages in the form of back pay, front pay, lost fringe benefits, compensatory damages for future pecuniary losses, emotional pain, suffering,

inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

## IX. Exemplary Damages

41. Bright adopts by reference all of the facts set forth above. *See*, Fed. R. Civ. P. 10(c).

42. Bright engaged in the unlawful discrimination and retaliation described above with malice and with reckless indifference Bright's rights.

43. Accordingly, Bright should be awarded exemplary damages against Axion in an amount appropriate to deter similar future misconduct.

## X. Attorney's Fees

44. Bright adopts by reference all of the facts set forth above. *See*, Fed. R. Civ. P. 10(c).

45. Bright is entitled to recover reasonable and necessary attorney's fees by statute. 42 U.S.C. § 2000e-5(k).

46. Bright has retained the professional services of the undersigned attorneys.

47. Bright has complied with the conditions precedent to recovering attorney's fees.

48. Bright has incurred or may incur attorney's fees in bringing this lawsuit.

49. The attorney's fees incurred or that may be incurred by Bright was or will be reasonable and necessary.

## XI. Jury Demand

50. Bright demands a trial by jury on all issues triable to a jury.

## XII. Administrative Prerequisites

51. On September 2, 2021, Bright filed a charge of discrimination with the Equal Employment Opportunity Commission.

52. On January 3, 2022, Bright received a notice of right to sue from the Equal Employment Opportunity Commission.

53. Bright brought this action within 90 days of receiving the notices of right to sue.

54. On September 2, 2021, Bright received a notice of the right to file a civil action from the Texas Workforce Commission.

55. On January 14, 2022, Bright received a notice of the right to file a civil action from the Texas Workforce Commission.

56. Bright brought this action within 60 days of receiving the notices of the right to file a civil action.

57. Bright has exhausted all administrative prerequisites to bringing this action.

## XIII. Conditions Precedent

58. All conditions precedent to Bright's claims for relief have been performed or have occurred. *See*, Fed. R. Civ. P. 9(c).

## XIV. Relief Sought

59. Bright demands:

   a. direct or general damages;

   b. back pay, plus prejudgment interest as provided by law, from the date of any adverse employment action until the date of judgment;

   c. an award of the present value of front pay due to them for a reasonable period following the date of the judgment, calculated as of the date of judgment;

   d. additional compensatory damages in an amount within the jurisdiction of this court;

   e. exemplary damages against Axion in a sum determined by the trier of fact;

   f. all prejudgment and postjudgment interest allowed by law;

   g. attorney's fees;

   h. costs of court;

   i. all other relief to which Bright are entitled.

Respectfully Submitted,

MOORE & ASSOCIATES

Lyric Centre
440 Louisiana Street | Suite 1110
Houston, Texas 77002-1055
Telephone: (713) 222-6775
Facsimile: (713) 222-6739

By: /s/ Melissa Moore
Melissa Moore
Tex. Bar No. 24013189
S.D. Tex. Bar No. 25122
melissa@mooreandassociates.net
Curt Hesse
Tex. Bar. No. 24065414
S.D. Tex. Bar No. 968465
curt@mooreandassociates.net

**ATTORNEYS FOR PLAINTIFF**